UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 200UNITED, and SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States of America; MARGARET WEICHERT, Acting Director of the Office of Personnel Management; and UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>Defendants. | Case No.: 1:19-cv-01073-WMS<br><br>Hon. William M. Skretny (USDJ) |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 65, and Local Rules 7 and 65 for the United States District Court for the Western District of New York, Plaintiffs Service Employees International Union Local 200United and Service Employees International Union will and hereby do move this Court for an Order granting a preliminary injunction to restrain and enjoin Defendants the United States Office of Personnel Management ("OPM") and Margaret Weichert, in her official capacity as OPM Acting Director; and their officers, agents, subordinates, employees, and attorneys, and those persons in active concert or participation with them or acting at their or the President's direction through his orders, from giving any effect to or otherwise taking any action to implement or enforce Executive Order No. 13,836, 83 Fed. Reg. 25329 (May 25, 2018); Executive Order No. 13,837, 83 Fed. Reg. 25335 (May 25, 2018); and Executive Order No. 13,839, 83 Fed. Reg. 25343 (May 25, 2018) (together, the "Executive Orders").

The grounds for this Motion for Preliminary Injunction are as follows:

1. This Court should exercise its discretion to maintain the status quo pending resolution of the legality of the challenged Executive Orders, because the balance of relevant factors strongly supports entering preliminary equitable relief.

2. Plaintiffs are likely to prevail on their claims that the Executive Orders and the agency action necessary to implement these Orders are both procedurally and substantively unlawful in violation of the Administrative Procedures Act, 5 U.S.C. §553 and §706, and therefore should be: 1) held unlawful and "set aside" pursuant to 5 U.S.C. §553 and §706(2)(D) as "without observance of procedures required by law" for failure to comply with required notice-and-comment rulemaking under 5 U.S.C. §553; and 2) held unlawful and "set aside"

pursuant to 5 U.S.C. §706(2)(A) and (C) as "not in accordance with law" and "in excess of statutory jurisdiction" because the challenged Orders violate, undermine, and otherwise attempt to re-write the requirements of the Civil Service Reform Act, 5 U.S.C. §1101, *et seq.*, including the Federal Service Labor Management Relations Statute, 5 U.S.C. §7101, *et. seq.* Plaintiffs are therefore likely to succeed on their claim that implementation of these Orders by OPM and the President's subordinate agencies at the direction of the President and OPM will violate the Administrative Procedures Act.

3. Implementation of these Executive Orders by OPM, and by federal agencies at the direction of OPM, without the notice-and-comment rulemaking required by 5 U.S.C. §553, is imminent;

4. The imminent implementation of these Executive Orders will nullify employee statutory rights and greatly upset the careful balance of federal labor-management relations created by Congress and that has been in effect for over 40 years since the CSRA was enacted in 1978, causing imminent irreparable harm to Plaintiffs and the federal employees they represent and the public interest. The harm to Plaintiffs and the employees they represent, and the public interest, cannot be corrected by later success on the merits.

5. No corresponding harm will be caused to Defendants by maintaining the status quo system of federal employee rights and labor-management relations that has been in place for over 40 years, and because Defendants have a strong interest in complying with the law.

6. The balance of hardships thus weighs strongly in favor of maintaining the status quo by enjoining implementation of these Executive Orders by OPM, and the federal agencies at the direction of OPM, pending resolution of Plaintiffs' claims.

This motion is based upon this Notice of Motion; the accompanying Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction; Declaration of SEIU Local 200U President Scott Phillipson; Declaration of Don Woodworth; Declaration of Michelle Healy; Declaration of Danielle Leonard; Proposed Order; the complete files and records of this action; and on such other argument or evidence as may be presented at or before the time of the hearing. Pursuant to Local Rule 7(a)(1), Plaintiffs hereby give notice that they intend to file a Reply in support of their Motion.

Respectfully submitted,

Dated: September 12, 2019

By: /s/ *Danielle Leonard*

DANIELLE LEONARD (*pro hac vice*)
BARBARA J. CHISHOLM (*pro hac vice*)
MEGAN WACHSPRESS (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415)421-7151 (office)
dleonard@altber.com
bchisholm@altber.com
mwachspress@altber.com

NICOLE G. BERNER, General Counsel (*pro hac vice*)
CLAIRE PRESTEL, Associate General Counsel (*pro hac vice*)
Service Employees International Union
1800 Massachusetts Avenue, NW
Washington, DC 20036
Tel: (202) 730-7468
nicole.berner@seiu.org
claire.prestel@seiu.org

CATHERINE CREIGHTON
CREIGHTON, JOHNSEN & GIROUX
1103 Delaware Avenue
Buffalo, NY 14209
Tel:  716-854-0007
ccreighton@cpjglaborlaw.com

MAIREAD E. CONNOR
LAW OFFICES OF MAIREAD E. CONNOR, PLLC
White Memorial Building, Suite 204
100 E. Washington St.
Syracuse, New York 13202
Tel: (315) 422-6225
mec@connorlaborlaw.com

*Attorneys for Plaintiffs SEIU LOCAL 200U and SEIU*