**ALTSHULER BERZON** LLP
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

STEPHEN P. BERZON
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
HUNTER B. THOMSON*
MEGAN WACHSPRESS
STEFANIE L. WILSON

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

ELIZABETH VISSERS
FELLOW

*ADMITTED IN NEW YORK ONLY

October 1, 2019

The Honorable Elizabeth A. Wolford
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

    RE:    *SEIU Local 200U et al. v. Trump et al.*, Case No. 1:19-cv-01073-EAW

As discussed during today's hearing, Plaintiffs SEIU Local 200U and SEIU submit this supplemental letter brief with respect to two issues: (1) the legal standard applicable to Plaintiffs' temporary restraining order ("TRO") motion in this case; and (2) the Federal Labor Relations Authority's present dysfunction.

    1. With respect to the applicable legal standard:

Defendants argue incorrectly that Plaintiffs must demonstrate not just "sufficiently serious questions going to the merits" but a "'likelihood of success'" on the merits of their claims because Plaintiffs seek an "injunction against the enforcement of government rules." ECF No. 29 at 9 (quoting *Velazquez v. Legal Servs. Corp.*, 164 F.3d 757, 763 (2d Cir. 1999)).

This heightened standard — sometimes referred to as the "government action" exception to the ordinary TRO test — applies only to cases challenging government action indisputably taken "'in the public interest.'" *Citigroup Global Markets, Inc. v. VCG Special Opportunities Master Fund, Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (quoting *Able v. U.S.*, 44 F.3d 128, 131 (2d Cir. 1995)). The government action exception "reflects the idea that governmental policies implemented through legislation or regulations developed through presumptively reasoned democratic processes are entitled to a higher degree of deference[.]" *Able*, 44 F.3d at 131. Thus, the heightened standard does not apply to all government action but only where "the full play of the democratic process involving both the legislative and executive branches has produced a policy in the name of the public interest[,]" and that policy is challenged. *Id.*; *see also Haitian Centers Council, Inc. v. McNary*, 969 F.2d 1326, 1339 (2d Cir. 1992), vacated as moot *sub nom*,

The Honorable Elizabeth A. Wolford
RE: *SEIU Local 200U et al. v. Trump et al.*
October 1, 2019
Page 2

509 U.S. 918 (1993) ("the 'likelihood of success' prong need not always be followed merely because a movant seeks to enjoin government action"); *Christa McAuliffe Intermediate School PTO, Inc. v. de Blasio*, 364 F.Supp.3d 253, 274 (S.D.N.Y. 2019) (exception applies only "to government action embodied in a statute and implementing regulations") (internal quotation omitted).

The Executive Order implementation that Plaintiffs seek to enjoin is not the product of a "democratic process involving both the legislative and executive branches." *Able*, 44 F.3d at 131. On the contrary, the challenged actions result from unilateral executive decision-making (and, indeed, unilateral executive decision-making that is *contrary* to duly enacted legislation, *see AFGE v. Trump*, 318 F.Supp.3d 370, 424-437 (D.D.C. 2018), although the Court need not decide that to determine that the ordinary TRO standard applies).

Because the conduct Plaintiffs seek to enjoin is "the product of a unilateral decision by the executive branch…the government action exception does not apply." *Christa McAuliffe Intermediate School PTO, Inc.*, 364 F.Supp.3d at 274. Instead, where (as here) government action stems from unilateral executive action, the Second Circuit has held that "no party has exclusive claim on the public interest," and the "substantial questions" standard is appropriate. *Haitian Centers*, 969 F.2d at 1339; *accord Time Warner Cable of New York City, L.P. v. Bloomberg L.P.*, 118 F.3d 917, 923-24 (2d Cir. 1997); *see also Brooklyn Institute of Arts and Sciences v. City of New York*, 64 F.Supp.2d 184, 196 n.3 (E.D.N.Y. 1999).

Accordingly, Plaintiffs need only demonstrate "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor," to merit the requested temporary relief. *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009) (internal quotations omitted).

2. This Court also inquired at the hearing as to the status of staffing at the Federal Labor Relations Authority ("FLRA"). There are currently three members of the FLRA. *See* https://www.flra.gov/about/flra-leadership. The position of General Counsel of the FLRA is vacant. *Id.* As Plaintiffs explained in their Complaint (¶35): "[I]t has been reported that during the years that the General Counsel position has been vacant, the FLRA has received more than 6,500 unfair labor practice charges from government workers and their unions for which it has not been able to issue complaints. *See* https://news.bloomberglaw.com/daily-labor-report/at-trumpsfederal-labor-police-lights-are-on-but-no-ones-home."

In other words, there is currently no General Counsel at the FLRA who can issue unfair labor practice complaints. And even if there were, any unfair labor practice charge filed now — e.g., a charge related to interference with or restraint of an employee in the exercise of the employee's statutory rights, including the right to represent another employee with respect to life-altering discipline or discharge — would be placed in a pile of more than 6,500 charges waiting for General Counsel approval and hearing before an Administrative Law Judge.

The Honorable Elizabeth A. Wolford
RE: *SEIU Local 200U et al. v. Trump et al.*
October 1, 2019
Page 3

    Respectfully submitted,

    /s/ *Danielle Leonard*

    DANIELLE LEONARD (*pro hac vice*)
    BARBARA J. CHISHOLM (*pro hac vice*)
    MEGAN WACHSPRESS (*pro hac vice*)
    ALTSHULER BERZON LLP
    177 Post Street, Suite 300
    San Francisco, CA 94108
    Tel: (415)421-7151 (office)
    dleonard@altber.com
    bchisholm@altber.com
    mwachspress@altber.com

    NICOLE G. BERNER, General Counsel (*pro hac vice*)
    CLAIRE PRESTEL, Associate General Counsel (*pro hac vice*)
    Service Employees International Union
    1800 Massachusetts Avenue, NW
    Washington, DC 20036
    Tel: (202) 730-7468
    nicole.berner@seiu.org
    claire.prestel@seiu.org

    CATHERINE CREIGHTON
    CREIGHTON, JOHNSEN & GIROUX
    1103 Delaware Avenue
    Buffalo, NY 14209
    Tel: 716-854-0007
    ccreighton@cpjglaborlaw.com

    MAIREAD E. CONNOR
    LAW OFFICES OF MAIREAD E. CONNOR, PLLC
    White Memorial Building, Suite 204
    100 E. Washington St.
    Syracuse, New York 13202
    Tel: (315) 422-6225
    mec@connorlaborlaw.com

    *Attorneys for Plaintiffs SEIU LOCAL 200U and SEIU*