ALTSHULER BERZON LLP

STEPHEN P. BERZON
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
HUNTER B. THOMSON*
MEGAN WACHSPRESS
STEFANIE L. WILSON

*ADMITTED IN NEW YORK ONLY

ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

ELIZABETH VISSERS
FELLOW

October 15, 2019

The Honorable Elizabeth A. Wolford
United States District Judge
United States District Court for the Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

> RE:   *SEIU Local 200U et al. v. Trump et al.*, Case No. 1:19-cv-01073-EAW

To the Honorable Judge Wolford:

Plaintiffs learned today that on October 11, 2019, the President issued a new "Presidential Memorandum on Executive Orders 13836, 13837, and 13839." The new Memorandum is attached. Plaintiffs were not aware of the Memorandum when they filed their reply brief yesterday, October 14, 2019, and write to alert the Court to its existence and its relevance to these proceedings.

The Memorandum alludes to conflicts between the Executive Orders ("EOs") and the governing, congressionally enacted statutes, and clearly expresses the view, consistent with the reenacted OPM Guidances, that agencies are required to implement the President's EOs even when the terms are contrary to statute: the EOs "established Government-wide rules that displace agencies' duty to bargain with unions over contrary matters, regardless of whether the Federal Service Labor-Management Relations Statute would otherwise require bargaining absent those rules."

More generally, the Memorandum is consistent with all of the government's recent communications, which indicate that the EOs should now be implemented to the maximum extent possible. For units covered by collective bargaining agreements this will presumably include any area where there is not a specific, contrary contract term directly on point – *e.g.,* an official time provision specifically stating that an agency cannot impose a 25-percent cap, which no existing contract likely contains. The Memorandum does nothing to address or assuage this

The Honorable Elizabeth A. Wolford
RE: *SEIU Local 200U et al. v. Trump et al.*
October 15, 2019

concern. The new Memorandum is also consistent with the existing EOs and recently re-issued OPM Guidances in that it again instructs agencies to implement the terms of the EOs during any ongoing and upcoming bargaining.

To the extent the Court wishes for the parties to provide further information or argument regarding these developments, Plaintiffs are prepared to do so. Plaintiffs will alert the Court to any further factual developments relevant to the pending Motion.

Respectfully submitted,

/s/ *Danielle Leonard*

DANIELLE LEONARD (*pro hac vice*)
BARBARA J. CHISHOLM (*pro hac vice*)
MEGAN WACHSPRESS (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415)421-7151 (office)
dleonard@altber.com
bchisholm@altber.com
mwachspress@altber.com

NICOLE G. BERNER, General Counsel
(*pro hac vice*)
CLAIRE PRESTEL, Associate General
Counsel (*pro hac vice*)
Service Employees International Union
1800 Massachusetts Avenue, NW
Washington, DC 20036
Tel: (202) 730-7468
nicole.berner@seiu.org
claire.prestel@seiu.org

CATHERINE CREIGHTON
CREIGHTON, JOHNSEN & GIROUX
1103 Delaware Avenue
Buffalo, NY 14209
Tel: 716-854-0007
ccreighton@cpjglaborlaw.com

MAIREAD E. CONNOR

The Honorable Elizabeth A. Wolford
RE: *SEIU Local 200U et al. v. Trump et al.*
October 15, 2019

LAW OFFICES OF MAIREAD E.
CONNOR, PLLC
White Memorial Building, Suite 204
100 E. Washington St.
Syracuse, New York 13202
Tel: (315) 422-6225
mec@connorlaborlaw.com

*Attorneys for Plaintiffs SEIU LOCAL 200U
and SEIU*



**EXECUTIVE ORDERS**

# Presidential Memorandum on Executive Orders 13836, 13837, and 13839

**BUDGET & SPENDING**

Issued on: **October 11, 2019**

★　★　★



MEMORANDUM FOR THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES

SUBJECT:     Executive Orders 13836, 13837, and 13839

On May 25, 2018, I signed three Executive Orders requiring executive departments and agencies (agencies) to negotiate collective bargaining agreements that will reduce costs and promote government performance and accountability.  These Executive Orders, Executive Order 13836 of May 25, 2018 (Developing Efficient, Effective, and Cost-Reducing Approaches to Federal Sector Collective Bargaining), Executive Order 13837 of May 25, 2018 (Ensuring Transparency, Accountability, and Efficiency in Taxpayer-Funded Union Time Use), and Executive Order 13839 of May 25, 2018 (Promoting Accountability and Streamlining Removal Procedures Consistent with Merit System Principles), were partially enjoined by the United States District Court for the District of Columbia on August 25, 2018.  The District Court's injunction barred enforcement of sections 5(a), 5(e), and 6 of Executive Order 13836, sections 3(a), 4(a), and 4(b) of Executive Order 13837, and sections 3, 4(a), and 4(c) of Executive Order 13839.

On July 16, 2019, the United States Court of Appeals for the District of Columbia Circuit held that the District Court lacked jurisdiction and vacated its judgment, and the Court of Appeals has now issued the mandate making its judgment effective.

Provisions of the Executive Orders that had been subject to the District Court's injunction set presumptively reasonable goals that agencies must pursue during bargaining; directed agencies to refuse to bargain over permissive subjects of negotiation; and established Government-wide rules that displace agencies' duty to bargain with unions over contrary matters, regardless of whether the Federal Service Labor-Management Relations Statute would otherwise require bargaining absent those rules.  Sections 4(c)(ii) and 8(a) of Executive Order 13837 and section 8(b) of Executive Order 13839, however, recognized agencies' ability to comply with collective bargaining agreements containing prohibited terms so long as such agreements were effective on the date of the Executive Orders.

While the District Court's injunction remained in effect, agencies retained the ability to bargain over subjects covered by the enjoined provisions.  The Executive Orders, however, did not address collective bargaining agreements entered into during this period.  As a result, it is necessary to clarify agencies' obligations with respect to such collective bargaining agreements.

Agencies shall adhere to the terms of collective bargaining agreements executed while the injunction was in effect.  Agencies that remain engaged in collective-bargaining negotiations, to the extent consistent with law, shall comply with the terms of the Executive Orders.  However, where, between the date of the Executive Orders and the date of the Court of Appeals's mandate, the parties to collective bargaining negotiations have executed an agreement to incorporate into a new collective bargaining agreement specific terms prohibited by the Executive Orders, an agency may execute the new collective bargaining agreement containing such terms, and terms ancillary to those specific terms, notwithstanding the Executive Orders.

To the extent it is necessary, this memorandum should be construed to amend Executive Orders 13836, 13837, and 13839.

The Director of the Office of Personnel Management is hereby authorized and directed to publish this memorandum in the *Federal Register*.

DONALD J. TRUMP