


U.S. Department of Justice
Civil Division, Federal Programs Branch

Kuntal Cholera          Tel.: (202) 305-8645
Trial Attorney          E-mail: kuntal.cholera@usdoj.gov

October 22, 2019

Hon. Elizabeth Wolford
United States District Judge
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

   **Re:  SEIU's October 15, 2019 Supplemental Letter.**

Dear Judge Wolford,

   SEIU filed a supplemental letter regarding a public October 11, 2019 Presidential Memorandum—"Presidential Memorandum on Executive Orders 13836, 13837, and 13839"—which simply describes the litigation history concerning the Orders, and importantly, clarifies how agencies should treat collective bargaining agreements they entered into with federal unions while certain provisions of the Orders were enjoined by the U.S. District Court for the District of Columbia:

> Agencies shall adhere to the terms of collective bargaining agreements executed while the injunction was in effect. Agencies that remain engaged in collective-bargaining negotiations, to the extent consistent with law, shall comply with the terms of the Executive Orders. However, where, between the date of the Executive Orders and the date of the Court of Appeals's mandate, the parties to collective bargaining negotiations have executed an agreement to incorporate into a new collective bargaining agreement specific terms prohibited by the Executive Orders, an agency may execute the new collective bargaining agreement containing such terms, and terms ancillary to those specific terms, notwithstanding the Executive Orders.[1]

   SEIU contends, incorrectly, that the memorandum admits that Orders require agencies to "implement the President's EOs even when the terms are contrary to statute." SEIU Supp. Letter. This is patently false. The memorandum simply reiterates a point that Defendants noted in their Response to the Motions for a Preliminary Injunction and Temporary Restraining Order: that the

---

[1] https://www.whitehouse.gov/presidential-actions/presidential-memorandum-executive-orders-13836-13837-13839/.

Statute, by its terms, states that the duty to bargain in good faith does not extend to "matters which are the subject" of a "Government-wide rule or regulation." 5 U.S.C. § 7117(a)(1). Thus, the memorandum notes that the Orders—certain provisions of which constitute Government-wide rules—lawfully remove certain topics from the collective bargaining process as to which agencies would otherwise bear a duty to negotiate under the Statute. The Orders do not require agencies to violate the Statute, but simply alter the manner in which they bargain under the Statute. In light of the lengthy injunction of those Orders, however, the memorandum specifically clarifies that agencies may honor new collective bargaining agreement terms (and ancillary terms) executed during the period during in which certain provisions of the Orders were enjoined even where those terms are now prohibited by the Orders.

Defendants will be prepared to discuss this memorandum during the November 8, 2019 hearing, but note that it has no material bearing on the legal issues relevant to this litigation.

Respectfully submitted,

/s/ Kuntal Cholera
Kuntal V. Cholera

CC: All Counsel of record via ECF.