
**U.S. Department of Justice**
Civil Division, Federal Programs Branch

---

Kuntal Cholera  
Trial Attorney

Tel.: (202) 305-8645  
E-mail: kuntal.cholera@usdoj.gov

November 13, 2019

Hon. Elizabeth Wolford  
United States District Judge  
Kenneth B. Keating Federal Building  
100 State Street  
Rochester, New York 14614

    Re:    SEIU's November 12, 2019 Supplemental Authority.

Dear Judge Wolford,

    SEIU has directed the Court to the U.S. District Court for the District of Columbia's order in *FLEOA v. Cabaniss*, 19-cv-735, ECF. 25 (D.D.C. Nov. 4, 2019), a case about how statutory supplemental annuity payments for retired federal law enforcement officers are calculated. *FLEOA* is not persuasive authority. The court's interlocutory ruling simply denied, *without prejudice*, the Office of Personnel Management (OPM) motion to dismiss for lack of jurisdiction, while expressly noting that it is not yet "deciding Defendants' jurisdictional arguments." *Id.* at 2-3. The court based its interlocutory ruling on the "argument[s] [and] precedent" the parties had presented, and requested additional briefing on subject-matter jurisdiction, including briefing on a threshold question of whether the OPM action at issue even comes within the APA's scope. *Id.* at 11-13. OPM will thus have an opportunity to submit additional arguments and authority.

    Additionally, to the extent *FLEOA* suggested that the Civil Service Reform Act may not preclude jurisdiction over a pre-enforcement APA challenge to an agency rule, Defendants here have submitted ample authority establishing otherwise. Courts have repeatedly held that *Thunder Basin* applies to **(i)** pre-enforcement challenges, **(ii)** APA challenges to agency rules, and **(iii)** a combination of both (pre-enforcement APA challenges to agency rules). *See* Defs.' Resp., at 13-16; Defs.' Surreply, at 7-9. The D.C. Circuit held that the district court lacked jurisdiction over plaintiffs' pre-enforcement challenge to the Orders in *AFGE v. Trump*[1] under the Federal Service Labor-Management Relations Statute, and it is unlikely the D.C. Circuit would find that the unions there could come back into district court simply by re-packaging their pre-enforcement challenge under the APA. Thus, the D.C. District Court's tentative order in *FLEOA*—which relied principally on outdated district court precedent—is not instructive.

    Defendants are happy to address *FLEOA* in more detail, if helpful to the Court.

---

[1] 929 F.3d 748 (D.C. Cir. 2019).

Respectfully submitted,

/s/ <u>Kuntal Cholera</u>
Kuntal V. Cholera

CC: All Counsel of record via ECF.