ALTSHULER BERZON LLP
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

STEPHEN P. BERZON
HAMILTON CANDEE
EVE H. CERVANTEZ
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
MEREDITH A. JOHNSON
SCOTT A. KRONLAND
ANDREW KUSHNER
REBECCA C. LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
MICHAEL RUBIN
HUNTER B. THOMSON*
STEFANIE L. WILSON

FRED H. ALTSHULER
FOUNDING PARTNER EMERITUS

PETER D. NUSSBAUM
PARTNER EMERITUS

ELIZABETH VISSERS
FELLOW

*ADMITTED IN NEW YORK ONLY

November 18, 2019

*Filed by ECF*

The Honorable Elizabeth A. Wolford
United States District Judge
United States District Court for the Western District of New York
Kenneth B. Keating Federal Building
100 State Street
Rochester, New York 14614

      RE:    *SEIU Local 200U et al. v. Trump et al.*, Case No. 1:19-cv-01073-EAW

To the Hon. Elizabeth A. Wolford:

      We write to notify the Court of a significant factual development that occurred today and that is relevant to Plaintiffs' pending Motion for Preliminary Injunction. As described in greater detail below, today's action by the government also contradicts representations it has made to the Court regarding implementation of the challenged OPM Guidances and Executive Orders.

      Attached hereto as Exhibit A are new letters from the Department of Veterans Affairs ("VA") dated November 15 or 18, 2019, and received by Plaintiff SEIU Local 200U today for each of its bargaining units of VA employees. In these letters, the VA makes clear that OPM's Guidances and the Executive Orders will be implemented immediately, *even as to terms that conflict directly with an applicable collective bargaining agreement*. The VA says it plans to bargain only after implementation (if at all):

> This supplements the official notification regarding the implementation of the subject Executive Orders sent to you previously. Several provisions of the orders are mandatory and *will be implemented immediately*. This letter serves as notice that the Department intends, to the extent required by law, to negotiate *post implementation*.

Ex. A at 1 (emphasis added).

The Honorable Elizabeth A. Wolford
RE: *SEIU Local 200U et al. v. Trump et al.*
November 18, 2019

      The letters go on to explain specifically that the new office space and resource rules will be implemented immediately regardless of existing CBA provisions. The letters state that the government's new caps on Official Time will be implemented *retroactively* to October 3, 2019 regardless of conflicting CBA provisions:

> *Effective October 3, 2019,* all Department employees are expected to spend at least 75% of their paid time performing Department business or necessary training (as required by the Department) unless otherwise required by law (e.g., 5 U.S.C. §7131(a) and (c)), regulation, or an exception in the Executive Order.

*Id*. (emphasis added). The letter provides no explanation as to how the VA intends to implement this cap retroactively on union officials who have, pursuant to valid and binding collective bargaining agreements, spent more than 25% of their working time on union-representation matters in the period from October 3, 2019 to today. Finally, the letters state that effective today no Official Time will be authorized for "preparing and pursuing grievances, including arbitration, on behalf of bargaining unit employees"—again regardless of existing CBA provisions. *Id*.

      These new VA letters are further evidence of the immediate and irreparable harm Plaintiffs will suffer absent a preliminary injunction, including with respect to terms of the challenged OPM Guidances that contradict clear CBA provisions—as many terms do. The letters also flatly contradict representations that Defendants have repeatedly made to this Court. For example, the government told this Court that "to the extent there is an operative collective bargaining agreement that provides for this official time, that can't be unsettled, even by the provision that provides a cap." TRO Hearing Trans. at 29:10-12. *See also id*. at 28:19-20 (referring to CBA provisions that "cannot be unsettled"); *id*. at 30: 3-5 (arguing that if the agencies "implement [a] provision [that] would unsettle the collective bargaining agreement" this is something "which the executive orders say[] we cannot do."); *id*. at 30:19-20 ("If a collective bargaining agreement already allows them office space, we can't unsettle that"); *id*. at 31:6-10 ("Again, if the current collective bargaining agreement allows them to use it on a discounted rate, the orders cannot unsettle that. The only instance where this could be relevant then is when we renegotiate the collective bargaining agreement"); Def's Response to TRO and PI (Dkt 29) at 24; Defendant's Surreply (Dkt. 43) at 22-23. The new letters make these representations false.

      Plaintiffs recognize that it not often necessary to supplement the record post-hearing, but this is an unusual case where the facts on the ground are developing quickly, and Plaintiffs (and their counsel) are obligated to ensure that the Court has an accurate record before it. Plaintiffs are ready and willing to supply the Court with any further information or argument regarding these developments as the Court may deem warranted.

                                                                          Sincerely,
                                                                         /s/ *Danielle Leonard*
                                                                         Counsel for Plaintiffs

# EXHIBIT A



**DEPARTMENT OF VETERANS AFFAIRS**

Canandaigua VA Medical Center
400 Fort Hill Avenue
Canandaigua, NY 14424

**DATE:** November 15, 2019

**FROM:** James Cardinale, Acting Human Resources Officer

**SUBJ:** Addendum - Implementation of Executive Orders 13836, 13837, 13839

**TO:** Scott Phillipson, President SEIU Local 200

This supplements the official notification regarding the implementation of the subject Executive Orders sent to you on previously. Several provisions of the orders are mandatory and will be implemented immediately. This letter serves as notice that the Department intends, to the extent required by law, to negotiate post implementation.

Executive Order 13837 generally prohibits "free or discounted use of government property or any other agency resources" by federal employees when acting on behalf of federal labor organizations.

Accordingly, the agency will provide rental rates for property and other agency resources by December 13, 2019. SEIU Local 200 will then have until January 10, 2020 to notify VACO LMR, in writing, of its desire to either vacate or consider renting each VA controlled space it currently occupies. Failure to provide notice of intent by January 10, 2020 will be considered intent to vacate. VA spaces which SEIU Local 200 intends to vacate should be vacated no later than January 31, 2020. This includes the removal of any property belonging to SEIU Local 200, its officers, representatives, or other affiliates.

Similarly, SEIU Local 200 has until January 10, 2020, to notify VACO LMR, in writing of its desire to either return or rent any government equipment or other government resources currently in the possession of, or in use by, SEIU Local 200, its officers, representatives, or other affiliates. Other government resources includes, but is not limited to, government owned or leased transportation, meeting space, reserved parking spaces and IT related resources and software, inter-office mail and metered mail accounts. SEIU Local 200 wish to rent government equipment or other government resources, such rental will be contingent on whether the Department determines that renting such equipment or other resources is legally authorized and practicable. Failure to provide notice of intent by January 10, 2020, will be considered intent to return or discontinue use of all government equipment or other government resources. Government equipment and other government provided resources SEIU Local 200 intends to return or discontinue using shall be returned to the Department no later than January 31, 2020. Prior to January 31, 2020, SEIU Local 200 must coordinate with the OI&T Local Area Managers for the return of any IT equipment and to have any union information contained on agency LANs or other similar agency networks saved and provided to a local union representative. Nothing in this paragraph applies to government furnished equipment or other government resources provided to an employee for purposes of performing their official duties as a VA employee.

Effective October 3, 2019, all Department employees are expected to spend at least 75% of their paid time performing Department business or necessary training (as required by the Department) unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order. Union representatives and employees wishing to use taxpayer-funded union time are expected to request and receive written supervisory approval in VATAS prior to use unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order.

Finally, effective the date of this letter, the Department will not:

1. Reimburse employees for expenses incurred performing non-agency business, unless required by law or regulation;
2. Approve taxpayer funded union time for lobbying activities, as conducting lobbying activities while on paid time is prohibited for all Department employees;
3. Approve taxpayer funded union time for preparing or pursuing grievances, including arbitration, on behalf of bargaining unit employees, except where such use is otherwise authorized by law, regulation, or Executive Order.

If you have any questions or wish to initiate post implementation bargaining, please contact Michael Doucette at Michael.Doucette2@va.gov (206) 240-5836.

James Cardinale 1589949
Digitally signed by James Cardinale 1589949
Date: 2019.11.18 09:54:54 -05'00'

James Cardinale
Acting Human Resources Officer



# DEPARTMENT OF VETERANS AFFAIRS

Albany Stratton VA Medical Center
Albany, NY

DATE: November 18, 2019

FROM: Deodato A. Proietti, Acting Human Resources Officer

SUBJ: Addendum - Implementation of Executive Orders 13836, 13837, 13839

TO: Christine Polnak, President, Service Employees International United Local 200

This supplements the official notification regarding the implementation of the subject Executive Orders sent to you on previously. Several provisions of the orders are mandatory and will be implemented immediately. This letter serves as notice that the Department intends, to the extent required by law, to negotiate post implementation.

Executive Order 13837 generally prohibits "free or discounted use of government property or any other agency resources" by federal employees when acting on behalf of federal labor organizations.

Accordingly, the agency will provide rental rates for property and other agency resources by December 13, 2019. SEIU Local 200 will then have until January 10, 2020 to notify VACO LMR, in writing, of its desire to either vacate or consider renting each VA controlled space it currently occupies. Failure to provide notice of intent by January 10, 2020 will be considered intent to vacate. VA spaces which SEIU Local 200 intends to vacate should be vacated no later than January 31, 2020. This includes the removal of any property belonging to SEIU Local 200, its officers, representatives, or other affiliates.

Similarly, SEIU Local 200 has until January 10, 2020, to notify VACO LMR, in writing of its desire to either return or rent any government equipment or other government resources currently in the possession of, or in use by, SEIU Local 200, its officers, representatives, or other affiliates. Other government resources includes, but is not limited to, government owned or leased transportation, meeting space, reserved parking spaces and IT related resources and software, inter-office mail and metered mail accounts. Should SEIU Local 200 wish to rent government equipment or other government resources, such rental will be contingent on whether the Department determines that renting such equipment or other resources is legally authorized and practicable. Failure to provide notice of intent by January 10, 2020, will be considered intent to return or discontinue use of all government equipment or other government resources. Government equipment and other government provided resources SEIU Local 200 intends to return or discontinue using shall be returned to the Department no later than January 31, 2020. Prior to January 31, 2020, SEIU Local 200 must coordinate with the OI&T Local Area Managers for the return of any IT equipment and to have any union information contained on agency LANs or other similar agency networks saved and provided to a local union representative. Nothing in this paragraph applies to government furnished equipment or other government resources provided to an employee for purposes of performing their official duties as a VA employee.

Effective October 3, 2019, all Department employees are expected to spend at least 75% of their paid time performing Department business or necessary training (as required by the Department) unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order. Union representatives and employees wishing to use taxpayer-funded union time are expected to request and receive written supervisory approval in VATAS prior to use unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order.

Finally, effective the date of this letter, the Department will not:

1. Reimburse employees for expenses incurred performing non-agency business, unless required by law or regulation;
2. Approve taxpayer funded union time for lobbying activities, as conducting lobbying activities while on paid time is prohibited for all Department employees;
3. Approve taxpayer funded union time for preparing or pursuing grievances, including arbitration, on behalf of bargaining unit employees, except where such use is otherwise authorized by law, regulation, or Executive Order.

If you have any questions or wish to initiate post implementation bargaining, please contact Michael Doucette at Michael.Doucette2@va.gov (206) 240-5836.

Deodato A. Proietti



# DEPARTMENT OF VETERANS AFFAIRS

Erie VA Medical Center
135 East 38th Street
Erie, PA 16504

| | |
|---|---|
| **DATE:** | November 18, 2019 |
| **FROM:** | Teneal M. Caw<br>Chief Human Resources Officer, VISN 4 |
| **SUBJ:** | Addendum - Implementation of Executive Orders 13836, 13837, 13839 |
| **TO:** | Andre Crosby           Clara Fosco<br>SEIU Local 200 United   SEIU Local 200-C |

This supplements the official notification regarding the implementation of the subject Executive Orders sent to you on previously. Several provisions of the orders are mandatory and will be implemented immediately. This letter serves as notice that the Department intends, to the extent required by law, to negotiate post implementation.

Executive Order 13837 generally prohibits "free or discounted use of government property or any other agency resources" by federal employees when acting on behalf of federal labor organizations.

Accordingly, the agency will provide rental rates for property and other agency resources by December 13, 2019. SEIU Local 200 United and SEIU Local 200-C will then have until January 10, 2020 to notify VACO LMR, in writing, of its desire to either vacate or consider renting each VA controlled space it currently occupies. Failure to provide notice of intent by January 10, 2020 will be considered intent to vacate. VA spaces which SEIU Local 200 United and SEIU Local 200-C intend to vacate should be vacated no later than January 31, 2020. This includes the removal of any property belonging to SEIU Local 200 United and SEIU Local 200-C, its officers, representatives, or other affiliates.

Similarly, SEIU Local 200 United and SEIU Local 200-C have until January 10, 2020, to notify VACO LMR, in writing of its desire to either return or rent any government equipment or other government resources currently in the possession of, or in use by, SEIU Local 200 United and SEIU Local 200-C, its officers, representatives, or other affiliates. Other government resources includes, but is not limited to, government owned or leased transportation, meeting space, reserved parking spaces and IT related resources and software, inter-office mail and metered mail accounts. Should SEIU Local 200 United and SEIU Local 200-C wish to rent government equipment or other government resources, such rental will be contingent on whether the Department determines that renting such equipment or other resources is legally authorized and practicable. Failure to provide notice of intent by January 10, 2020, will be considered intent to return or discontinue use of all government equipment or other government resources. Government equipment and other government provided resources SEIU Local 200 United and SEIU Local 200-C intend to return or discontinue using shall be returned to the Department no later than January 31, 2020. Prior to January 31, 2020, SEIU Local 200 United and SEIU Local 200-C must coordinate with the OI&T Local Area Managers for the return of any IT equipment and to have any union information contained on agency

LANs or other similar agency networks saved and provided to a local union representative. Nothing in this paragraph applies to government furnished equipment or other government resources provided to an employee for purposes of performing their official duties as a VA employee.

Effective October 3, 2019, all Department employees are expected to spend at least 75% of their paid time performing Department business or necessary training (as required by the Department) unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order. Union representatives and employees wishing to use taxpayer-funded union time are expected to request and receive written supervisory approval in VATAS prior to use unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order.

Finally, effective the date of this letter, the Department will not:

1. Reimburse employees for expenses incurred performing non-agency business, unless required by law or regulation;
2. Approve taxpayer funded union time for lobbying activities, as conducting lobbying activities while on paid time is prohibited for all Department employees;
3. Approve taxpayer funded union time for preparing or pursuing grievances, including arbitration, on behalf of bargaining unit employees, except where such use is otherwise authorized by law, regulation, or Executive Order.

If you have any questions or wish to initiate post implementation bargaining, please contact Michael Doucette at Michael.Doucette2@va.gov (206) 240-5836.

Teneal M Caw 137132
Digitally signed by Teneal M Caw 137132
Date: 2019.11.18 10:15:01 -05'00'

Teneal M. Caw
Chief Human Resources Officer, VISN 4



## DEPARTMENT OF VETERANS AFFAIRS

VA Western New York Healthcare System

**DATE:** November 18, 2019

**FROM:** Mark Williams, Acting Human Resources Officer

**SUBJ:** Addendum - Implementation of Executive Orders 13836, 13837, 13839

**TO:** Andrea Przepasniak, Service Employees International United Local 200 (Professional)

This supplements the official notification regarding the implementation of the subject Executive Orders sent to you on 10/24/19. Several provisions of the orders are mandatory and will be implemented immediately. This letter serves as notice that the Department intends, to the extent required by law, to negotiate post implementation.

Executive Order 13837 generally prohibits "free or discounted use of government property or any other agency resources" by federal employees when acting on behalf of federal labor organizations.

Accordingly, the agency will provide rental rates for property and other agency resources by December 13, 2019. SEIU-PRO will then have until January 10, 2020 to notify VACO LMR, in writing, of its desire to either vacate or consider renting each VA controlled space it currently occupies. Failure to provide notice of intent by January 10, 2020 will be considered intent to vacate. VA spaces which SEIU-PRO intends to vacate should be vacated no later than January 31, 2020. This includes the removal of any property belonging to SEIU-PRO, its officers, representatives, or other affiliates.

Similarly, SEIU-PRO has until January 10, 2020, to notify VACO LMR, in writing of its desire to either return or rent any government equipment or other government resources currently in the possession of, or in use by, SEIU-PRO, its officers, representatives, or other affiliates. Other government resources includes, but is not limited to, government owned or leased transportation, meeting space, reserved parking spaces and IT related resources and software, inter-office mail and metered mail accounts. Should SEIU-PRO wish to rent government equipment or other government resources, such rental will be contingent on whether the Department determines that renting such equipment or other resources is legally authorized and practicable. Failure to provide notice of intent by January 10, 2020, will be considered intent to return or discontinue use of all government equipment or other government resources. Government equipment and other government provided resources SEIU-PRO intends to return or discontinue using shall be returned to the Department no later than January 31, 2020. Prior to January 31, 2020, SEIU-PRO must coordinate with the OI&T Local Area Managers for the return of any IT equipment and to have any union information contained on agency LANs or other similar agency networks saved and provided to a local union representative. Nothing in this paragraph applies to government furnished equipment or other government resources provided to an employee for purposes of performing their official duties as a VA employee.

Effective October 3, 2019, all Department employees are expected to spend at least 75% of their paid time performing Department business or necessary training (as required by the Department) unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order. Union representatives and employees wishing to use taxpayer-funded union time are expected to request and receive written supervisory approval in VATAS prior to use unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order.

Finally, effective the date of this letter, the Department will not:

1. Reimburse employees for expenses incurred performing non-agency business, unless required by law or regulation;
2. Approve taxpayer funded union time for lobbying activities, as conducting lobbying activities while on paid time is prohibited for all Department employees;
3. Approve taxpayer funded union time for preparing or pursuing grievances, including arbitration, on behalf of bargaining unit employees, except where such use is otherwise authorized by law, regulation, or Executive Order.

If you have any questions or wish to initiate post implementation bargaining, please contact Michael Doucette at Michael.Doucette2@va.gov (206) 240-5836.

Mark Williams
Acting Human Resources Officer
VA Western New York Healthcare System



# DEPARTMENT OF VETERANS AFFAIRS

VA Western New York Healthcare System

**DATE:** November 18, 2019

**FROM:** Mark Williams, Acting Human Resources Officer

**SUBJ:** Addendum - Implementation of Executive Orders 13836, 13837, 13839

**TO:** Crystal McCourt, Service Employees International United Local 200 (Service and Maintenance)

This supplements the official notification regarding the implementation of the subject Executive Orders sent to you on 10/24/19. Several provisions of the orders are mandatory and will be implemented immediately. This letter serves as notice that the Department intends, to the extent required by law, to negotiate post implementation.

Executive Order 13837 generally prohibits "free or discounted use of government property or any other agency resources" by federal employees when acting on behalf of federal labor organizations.

Accordingly, the agency will provide rental rates for property and other agency resources by December 13, 2019. SEIU-SM will then have until January 10, 2020 to notify VACO LMR, in writing, of its desire to either vacate or consider renting each VA controlled space it currently occupies. Failure to provide notice of intent by January 10, 2020 will be considered intent to vacate. VA spaces which SEIU-SM intends to vacate should be vacated no later than January 31, 2020. This includes the removal of any property belonging to SEIU-SM, its officers, representatives, or other affiliates.

Similarly, SEIU-SM has until January 10, 2020, to notify VACO LMR, in writing of its desire to either return or rent any government equipment or other government resources currently in the possession of, or in use by, SEIU-SM, its officers, representatives, or other affiliates. Other government resources includes, but is not limited to, government owned or leased transportation, meeting space, reserved parking spaces and IT related resources and software, inter-office mail and metered mail accounts. Should SEIU-SM wish to rent government equipment or other government resources, such rental will be contingent on whether the Department determines that renting such equipment or other resources is legally authorized and practicable. Failure to provide notice of intent by January 10, 2020, will be considered intent to return or discontinue use of all government equipment or other government resources. Government equipment and other government provided resources SEIU-SM intends to return or discontinue using shall be returned to the Department no later than January 31, 2020. Prior to January 31, 2020, SEIU-SM must coordinate with the OI&T Local Area Managers for the return of any IT equipment and to have any union information contained on agency LANs or other similar agency networks saved and provided to a local union representative. Nothing in this paragraph applies to government furnished equipment or other government resources provided to an employee for purposes of performing their official duties as a VA employee.

Effective October 3, 2019, all Department employees are expected to spend at least 75% of their paid time performing Department business or necessary training (as required by the Department) unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order. Union representatives and employees wishing to use taxpayer-funded union time are expected to request and receive written supervisory approval in VATAS prior to use unless otherwise required by law (e.g., 5 U.S.C. §§ 7131(a) and (c)), regulation, or an exception in the Executive Order.

Finally, effective the date of this letter, the Department will not:

1. Reimburse employees for expenses incurred performing non-agency business, unless required by law or regulation;
2. Approve taxpayer funded union time for lobbying activities, as conducting lobbying activities while on paid time is prohibited for all Department employees;
3. Approve taxpayer funded union time for preparing or pursuing grievances, including arbitration, on behalf of bargaining unit employees, except where such use is otherwise authorized by law, regulation, or Executive Order.

If you have any questions or wish to initiate post implementation bargaining, please contact Michael Doucette at Michael.Doucette2@va.gov (206) 240-5836.

Mark Williams
Acting Human Resources Officer
VA Western New York Healthcare System